IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2005 Session

## STATE OF TENNESSEE v. JOHN A. JUDKINS, JR.

**Appeal from the Criminal Court for DeKalb County**
**No. 01-25     Lillie Ann Sells, Judge**

_____

**No. M2004-00389-CCA-R3-CD - Filed July 20, 2005**

_____

The Appellant, John A. Judkins, Jr., appeals the sentencing decision of the DeKalb County Criminal Court following termination of his judicial diversion. Judkins was indicted for aggravated burglary and two counts of theft of property and was granted judicial diversion and placed on supervised probation for a period of three years. Simultaneously with the entry of an order of judicial diversion, a negotiated plea agreement was presented and approved by the court to the indicted offenses which provided that Judkins would receive two three-year sentences and one eleven month and twenty-nine day suspended sentence for the three crimes. The agreement further provided for concurrent sentences to be served on "straight probation." A probation violation warrant was subsequently issued alleging that Judkins had committed additional offenses. Following termination of judicial diversion, in the absence of a sentencing hearing, Judkins was sentenced to three years confinement in the Department of Correction. Judkins argues on appeal that the trial court erred by not imposing the effective three-year sentence of "straight probation" as provided in the plea agreement. After review, we conclude that the Sentencing Act does not contemplate the coexistent grant of judicial diversion and service of a sentence imposed pursuant to a negotiated plea agreement as the two are inconsistent in purpose. Accordingly, the trial court's consideration of the terms of the plea agreement in the sentencing decision was error. The case is, therefore, remanded to the trial court for a sentencing hearing.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed;**
**Remanded for a Sentencing Hearing**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

David Brady, Public Defender; and John B. Nisbet, III, Assistant Public Defender, Cookeville, Tennessee, for the Appellant, John A. Judkins, Jr.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; William A. Gibson, District Attorney General; and William M. Locke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On July 13, 2001, the Appellant pled guilty under the terms of a negotiated plea agreement to aggravated burglary, theft over $1000, and theft under $500. The plea agreement provided for sentences of three years for the aggravated burglary, three years for the theft over $1000, and eleven months and twenty-nine days for the theft under $500. Further, the agreement specified that the sentences were to be served concurrently and that the sentences were "all suspended to straight probation." A notation appears on the agreement that "pending TBI certification the defendant will be granted judicial diversion." The record reflects that on the same date, the trial court granted the Appellant judicial diversion, deferred service of the sentences until July 13, 2004, and placed the Appellant on three years supervised probation.[1]

On June 28, 2003, a probation violation warrant was issued alleging that the Appellant had been charged and arrested on June 15, 2003, with possession of drug paraphernalia and on June 21, 2003, with aggravated burglary and theft of property over $10,000.[2] Based upon the proof presented at the sentencing hearing, the trial court found sufficient evidence to establish that the Appellant had violated the conditions of his probation. Thereafter, on October 5, 2003, the trial court terminated the Appellant's program of judicial diversion and entered adjudications of guilt regarding the three convictions. With regard to sentencing, it was the State's position that a sentencing hearing should be conducted while the Appellant argued that the terms of the original plea agreement should be imposed, *i.e.*, three-year sentences suspended to straight probation.

On January 15, 2004, the trial court, without conducting a sentencing hearing, reinstated the original agreed-upon sentences of three years and ordered that the sentences be served in incarceration. This appeal follows.

### Analysis

On appeal, the Appellant does not challenge the termination of his diversion. Rather, he challenges only the imposition of the effective three-year sentence to be served in incarceration. The Appellant argues that the negotiated plea agreement, which was approved by the trial court, survives the termination of diversion and that, upon termination, the court was required to sentence him to

---

[1]This order was entered on November 23, 2001, by Judge Leon Burns, who conducted these proceedings.

[2]The drug paraphernalia charge was later dropped.

the agreed sentence of "three years, suspended to straight probation." Alternatively, he argues that the trial court erred in not conducting a sentencing hearing prior to the imposition of the sentence. Although the State initially argued that the plea agreement did not survive the termination of diversion, on appeal it asserts that the plea agreement does survive the termination but disagrees with the Appellant as to how the agreement should be interpreted.

Our Sentencing Act provides that in granting a qualified defendant judicial diversion, the trial court, upon the entry of a guilty plea, places the defendant on probation without entering a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(1)(A) (2003). If the defendant successfully completes probation, the court shall discharge the defendant and dismiss the proceedings. *Id.* at (a)(2). However, if the defendant's probation is revoked, the trial may then enter an adjudication of guilt and "proceed as otherwise provided." *Id.*

Case law decisions from this court have reached different conclusions with regard to the meaning of the term "proceed as otherwise provided." In *State v. Daniel Bilbrey*, No. M2002-01043-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 3, 2004) and *State v. Jeremy Daniel Loader*, No. M2003-01084-CCA-R3-CD (Tenn. Crim. App. at Nashville, Sept. 14, 2004), guilty plea agreements and grants of judicial diversion were concurrently entered. Following termination of judicial diversion probation, the trial courts sentenced Bilbrey and Loader as provided by the terms of the guilty plea agreement without conducting a sentencing hearing. The trial courts concluded that the plea agreement survived termination of the diversion as the defendants had agreed to the pleas. On appeal, panels of this court affirmed imposition of the two sentences.

In *State v. Nikobi I. Dunn*, No. E2001-02120-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Dec. 23, 2002) and *State v. Hollie D. Campbell*, No. E2000-00373-CCA-R3-CD (Tenn. Crim. App. at Knoxville, July 2, 2001) panels of this court reached the opposite conclusion. The respective trial courts held that the plea agreement did not survive the termination of diversion, and panels of this court affirmed the rulings. In *Dunn*, this court concluded that a remand for a sentencing hearing was necessary, as no sentencing hearing had been held prior to imposition of the sentences. *Dunn*, No. E2001-02120-CCA-R3-CD. In *Campbell*, the sentence was affirmed because the trial judge, following termination, had conducted a proper sentencing hearing prior to imposition of the sentence. *Campbell*, No. E2000-00373-CCA-R3-CD.

After a thorough review of the issue presented, and upon reconsideration by all members of this panel, we conclude that the Sentencing Act does not contemplate the trial court's acceptance of a negotiated guilty plea concurrently with a grant of judicial diversion. First, to allow the State and the defendant to enter into a sentencing agreement prior to termination of diversion contradicts the purpose of the diversion statute, which is deferral of the sentence until a future date. Moreover, as evidenced by the holdings in *Dunn* and *Campbell*, any plea agreement which by its terms is incongruent with principles of sentencing, *e.g.*, a plea agreement which imposes probation after the offender has been revoked from diversion probation, will necessarily be rejected by the sentencing

court when termination of diversion occurs.[3]  Thus, entry of a plea agreement under these circumstances represents an exercise in futility as it accomplishes nothing.

Second, although the Appellant contends that the terms of the guilty plea agreement should be enforced upon termination of diversion, the record does not reflect that the plea agreement was ever reduced to judgment.  The record includes a guilty plea document reflecting the terms and conditions of the plea agreement of "straight probation" signed by the Appellant and approved by the trial judge.  At the guilty plea hearing, the trial judge "accepted" the Appellant's pleas of guilty and entered judgment accordingly.  However, the trial court made no pronouncement with regard to the terms of the plea agreement.[4]  Indeed, the trial judge specifically stated that no judgment of conviction would be entered.  Our rules of procedure provide that "if the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Tenn. R. Crim. P. 11(e)(c)(3).  Additionally, Rule 32(e) of the Tennessee Rules of Criminal Procedure provides, in pertinent part, that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." Because no final judgment of conviction was ever entered embodying the plea agreement, there is no judgment from which to appeal. *See* Tenn. R. App. P. 3(b).  It is apparent from a review of the record that the trial judge did not intend the negotiated plea agreement to represent a final judgment but, rather, a contingent sentence should diversion fail. Indeed, if judgments had been entered upon both the plea agreement and the diversion, the sentences would have been voidable, as there is no authority to sentence a defendant to two separate sentences at the same time for the same crime. *See State v. Turco*, 108 S.W.3d 244, 245 (Tenn. 2003) (holding that there is no statutory authority for permitting judicial diversion after an adjudication of guilt or imposition of sentence.

We conclude that our Sentencing Act never contemplated that a contingency type of plea agreement would be attached to the diversion, which would usurp the sentencing authority of the trial judge following a termination of diversion. We interpret the term "proceed as otherwise provided" following revocation of judicial diversion probation to mean that a sentencing hearing should be held pursuant to the considerations of Tennessee Code Annotated section 40-35-210 (2003) and principles of sentencing.

---

[3]This is not to say that the State and the Appellant are precluded from presenting to the trial court a plea agreement as provided by Rule 11(e), Tenn. R. Crim. P., subsequent to termination of judicial diversion.  However, the plea agreement should not be entered or approved by the sentencing court prior to or concurrently with the grant of judicial diversion.

[4]The record does include a judicial diversion order.

## CONCLUSION

Based upon the foregoing, the three-year sentence of incarceration is vacated, and the case is remanded to the Dekalb County Criminal Court for a sentencing hearing to determine the appropriate sentence for the Appellant.

_____
DAVID G. HAYES, JUDGE