IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2009

**STATE OF TENNESSEE v. CANDICE PARRISH**

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-621    Donald H. Allen, Judge**

_____

**No. W2008-02074-CCA-R3-CD   -   Filed August 14, 2009**

_____

The defendant, Candice Parrish, pled guilty to theft of property over $1000, a Class D felony. Following her guilty plea, the trial court sentenced the defendant to a term of four years but granted her request for judicial diversion.  Shortly thereafter, the defendant was found to be in violation of her diverted probationary sentence, and, following a sentencing hearing, the trial court removed the defendant from judicial diversion and sentenced her to four years in the Department of Correction. On appeal, the defendant contends that the court erred in ordering a sentence of total confinement. Following review of the record, we find no error and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Candice Parrish.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The underlying facts of the case, as stated in the presentence report, are as follows:

On or about May through June of 2007, [the defendant] did knowingly obtain and/or exercise control over property, to-wit: Money, equal to or over the value of one thousand dollars, without the effective consent of the owner, Wal-Mart, with the intent to deprive the owner thereof.  According to the affidavit of complaint, Steve Barnes of Wal-Mart security reported that an internal investigation had led to an employee who was stealing cash from the store.  This employee was identified as [the

defendant]. This occurred at the North Jackson store located at 1196 Emporium
Drive. When confronted, [the defendant] admitted that she had taken $1,200.

The defendant was indicted by a Madison County grand jury for one count of theft of property over $1000. She then pled guilty to the charged offense, as a Range I offender, and the trial court sentenced her to four years but placed her on judicial diversion pursuant to Tennessee Code Annotated section 40-35-313.

Shortly thereafter, a violation warrant was issued alleging that four days after she was placed on diversion, the defendant had violated the terms and conditions of her agreement by being arrested for introduction of contraband into a penal institution and possession of marijuana with intent to sell or deliver. At the time, the defendant was working as a correctional officer at the Hardeman County Correctional Facility. Following a violation hearing, the trial court revoked the defendant's diverted probationary and removed her from judicial diversion. A sentencing hearing was then conducted at which the defendant and two character witnesses testified.

The twenty-five-year-old defendant testified that she lived in Brownsville with her mother, her younger brother, and her two-year-old son. She stated that she graduated from high school and attended some college and technical classes before dropping out due to transportation problems. She also testified regarding her work history, stating that she worked at Wal-Mart for two years and three months before she was fired for the instant theft. While on bond for the charge, she was hired as a corrections officer at the Hardeman County Correctional Facility.

The defendant acknowledged that she had been arrested and charged with introduction of contraband into a penal facility and possession of marijuana with intent to sell or deliver based upon her actions of bringing marijuana and cell phones into the jail where she was employed. She further testified that she pled guilty to the charges and was sentenced to three years, to be suspended following service of eighty-eight days in jail. She went on to state that she knew her actions were wrong, but that she had committed the offenses, including the theft from Wal-Mart, because she was having financial difficulties.

Several letters written by friends and family were also introduced into evidence in support of the defendant. Additionally, two witnesses were called to testify and stated that they had known the defendant since she was a teenager and that she was very dependable and respectful. Each testified that they believed the defendant would do well if given another chance on probation.

After hearing the evidence presented, the trial court sentenced the defendant to serve four years in the Department of Correction. This timely appeal followed.

**Analysis**

On appeal, the defendant raises the single issue of whether the trial court erred in ordering her to serve the entire four-year sentence in confinement following her revocation and removal from

judicial diversion. In Tennessee, if a defendant has been granted judicial diversion and violates the terms of the diversionary probation, the trial court should then follow the same procedures as those used for ordinary probation revocations. *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). The decision to revoke probation is in the sound discretion of the trial judge, *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991), and the judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. *State v. Anthony*, 109 S.W.3d 377, 380 (Tenn. Crim. App. 2001). To find an abuse of discretion in a probation revocation case, an appellate court must determine that the record is void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. *Id.* The defendant does not contest the trial court's revocation of her diversionary probation, and we note that the record amply supports the court's finding that the defendant did, in fact, violate the terms and conditions based upon her new convictions.

Following the revocation of diversionary probation, our sentencing act mandates that the court conduct a new sentencing hearing and impose a sentence in accordance with the law and principles of sentencing. *See State v. Judkins*, 185 S.W.3d 422, 426 (Tenn. Crim. App. 2005). When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The burden is on the defendant to show that the sentencing was improper. T.C.A. §40-35-401, Sentencing Comm'n Cmts.

When conducting a *de novo* review of the sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2006); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for the laws and morals of society, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6) (2006) (emphasis added). When determining if incarceration is appropriate, a trial court should consider if: (A) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancement factors as well as a defendant's potential or lack thereof for rehabilitation. *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

Tennessee Code Annotated section 40-35-303(a) (2006) provides that "[a] defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is ten (10) years or less." However, the burden is upon the defendant to establish that he is a suitable candidate for probation. T.C.A. § 40-35-303(a); *State v. Summers*, 159 S.W.3d 586, 599 (Tenn. Crim. App. 2004). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

In imposing the maximum sentence of four years, the trial court found that two enhancing factors were applicable, that the defendant had a previous history of criminal convictions and that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. T.C.A. § 40-35-114 (1), (8) (2006). The defendant does not contest application of the enhancement factors or the length of the sentence imposed. Accordingly, we do not review those issues. With regard to the need for confinement, the court made the following findings:

> [T]he Court finds that measures less restrictive than confinement have recently and frequently been applied to this defendant without success. It really concerns me that she stands before this Court on a day she pleads guilty and she is given an opportunity at diversion and I emphasize to her that she [cannot] afford to break the law again in the future, that if you do you are looking at going to prison. But yet apparently that just fell upon deaf ears because four days later, she is out committing new felony charges. I just [do not] understand it. She has convinced me she [cannot] make it on probation not even for a week. It took her four days to violate her probation. Based upon that, the Court finds that confinement is necessary in this case to avoid depreciating the seriousness of this offense. The Court finds that measures less restrictive such as probation have been tried in this case and will not work.

As noted, the defendant challenges only the manner of service of the sentence. Other than a recitation of relevant sentencing law, her entire argument is as follows:

> While [the defendant] did violate her probation by being arrested in another jurisdiction shortly after being granted judicial diversion, she was willing to give probation another chance and agreed to change her conduct to follow the rules of society. In addition, [the defendant] produced several letters of support and two

witnesses who vouched for good character. A more appropriate punishment would have been a period of local confinement, followed by intensive probation.

Following review of the record, we conclude that the trial court correctly considered all the required principles of sentencing and that the sentence imposed is supported, as the defendant has failed to establish her suitability for probation. The record indicates an extensive history of convictions for speeding, violation of the insurance laws, failure to wear a seatbelt, and driving on a suspended license. The court noted that some of these offenses had been committed while the defendant was already on bond for other offenses. Moreover, she committed two additional felony offenses a mere four days after being placed on diversion in this case. *See State v. Doyle W. Pugh*, No. E2000-02488-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 15, 2001) (if a defendant re-offends or violates diversionary probation, that is an appropriate consideration under T.C.A. § 40-35-103(1)(C)).

While the defendant indicates that she is "willing to give probation another chance and agrees to change her conduct to follow the rules of society," her prior actions belie this assertion. Indeed, the trial court specifically noted that, at the initial sentencing hearing prior to being granted diversion, the defendant "told me she had learned her lesson as a result of the theft from Wal-Mart and assured the court that she would follow the rules of probation and not make the same mistake again if given that opportunity." Clearly, the defendant was unable to comply with the laws of this state after being placed on diversion, thus, reflecting poorly on her potential for rehabilitation.

On appeal, the defendant merely makes a general assertion that she should have been given a sentence of split confinement. She does not contest the trial court's finding that measures less restrictive than confinement had recently been applied unsuccessfully in her case. Consequently, the trial court's decision to forego additional alternative sentencing options was within its discretion. Based upon the evidence presented in the record, the defendant cannot overcome the presumption of correctness of the trial court's sentencing determination.

## CONCLUSION

Based upon the foregoing, the judgment of the Madison County Circuit Court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE