# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. JAMES DAVID ALLEN, III

### Appeal from the Circuit Court for Blount County
### No. C-17282    David R. Duggan, Judge

---

### No. E2009-01370-CCA-R3-CD - Filed June 11, 2010

---

The Defendant, James David Allen, III, pled guilty to vandalism, a Class E felony, and received a sentence of two years of probation under the judicial diversion program. See Tenn. Code Ann. § 40-35-313(a)(1)(A). Following the filing of a violation of probation warrant and an amended violation of probation warrant, the Defendant was sentenced to serve seven consecutive weekends in the Blount County Jail. Following the service of the seven weekends in jail, the Defendant was directed to return to supervised probation for the balance of his sentence. On April 7, 2009, a second violation of probation warrant was filed. Following a revocation hearing, the trial court revoked the Defendant's sentence of probation and ordered the Defendant to serve the remainder of the two-year sentence. In this appeal as of right, the Defendant contends that the trial court erred in denying alternative sentencing. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); Raymond Mack Garner, District Public Defender; and Stacey D. Nordquist, Assistant District Public Defender, attorneys for appellant, James David Allen, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Clinton Evan Frazier, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The Defendant admitted that he violated the conditions of his probation and did not challenge the revocation of his diversion. The Defendant was originally placed on probation for vandalizing several trucks at a car lot. Following his conviction for vandalism, the Defendant had "been going to Cherokee" to receive medication for issues related to his mental health. He stated that approximately once a month he suffered from "blackouts and problems with anger" and that he had these blackouts for years. The Defendant was prescribed an anti-depressant for this condition.

While on probation, the Defendant's probation was revoked for a driving under the influence (DUI) charge he received. As a result of that revocation, the Defendant served seven weekends in jail and was then placed back on probation. His diversion was not revoked. The Defendant stated that he was drinking at a party when he decided to drive home and that while he was driving home, he suffered from another blackout before he was stopped and charged with DUI.

When the Defendant was placed back on probation following the initial revocation, he was cited for driving on a revoked license. The Defendant stated that he was stopped for speeding in a school zone when he was "going to the store to get [his disabled father] some food and drinks" because his father was "having trouble with his leg that morning."

The Defendant stated that he did not have a job but that his girlfriend and father provided for him in exchange for his help with his girlfriend's children and for helping his father around the house. He stated that "[s]heetrock is the only job [he had] ever had."

The Defendant stated that if he were allowed to continue with probation, he would go back to Cherokee so that he could "get back on medication." He admitted that he made a mistake when he decided to drive impaired and then drive on a revoked license. He said that he would be able to get his license back if he pays his "reinstatement fee and . . . fines." He also admitted that he would have to get car insurance. He asked the court to place him back on probation and stated that he would follow the rules if he were placed on probation again.

On cross-examination, the Defendant admitted that he vandalized the trucks on the car lot because he "got mad and . . . blacked out" and that he did "violent things" when he blacked out. However, he stated that his blackouts no longer caused him to do violent things and that the blackouts simply caused memory loss. The Defendant admitted that he violated his probation by driving impaired and by failing a drug screen, that he was given a second chance to receive diversion, and that after he received this second chance, he violated his probation a second time.

-2-

After noting the irregularity of the Defendant's case in that he was offered a second chance at diversion, the trial court stated that he was unsure as to whether he was limited to ordering the Defendant to serve the rest of the probationary sentence in jail or whether he was permitted to issue a new sentence. The trial then revoked the Defendant's diversionary sentence and discussed the sentencing principles and enhancement and mitigating factors. The court noted the Defendant's lack of potential for rehabilitation and ability to comply with the terms of probation given the violations occurring after the initial diversionary sentence. The trial court then denied all forms of alternative sentencing and ordered the Defendant to serve two years in confinement.

## ANALYSIS

The Defendant does not contest the length of his sentence but contends that the trial court erred in denying all forms of alternative sentencing. The Defendant also contends that the record does not support the trial court's sentencing decision because the trial court did not address the "criteria necessary for imposing total confinement." Additionally, the trial court stressed uncertainty in his sentencing decision as to whether the court was limited to "imposing a previously established sentence" or whether the court was able to conduct an entirely new sentencing hearing. The State responds that the trial court considered the necessary principles of sentencing, enhancement and mitigating factors, and evidence presented at the hearing and that the record supports the court's sentencing decision.

"The court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant." Tenn. Code Ann. § 40-35-313(a)(1)(A). "The deferral shall be for a period of time . . . not more than the period of the maximum sentence of the felony with which the person is charged." Tenn. Code Ann. § 40-35-313(a)(1)(A). If a defendant does not violate the conditions of his release, the trial court "shall discharge the person and dismiss the proceedings against the person." Tenn. Code Ann. § 40-35-313(a)(2). If a defendant violates a condition of his release, the trial court "may enter an adjudication of guilt and proceed as otherwise provided." Tenn. Code Ann. § 40-35-313(a)(2). In determining whether a defendant has violated the conditions of his release, "the trial court should follow the same procedures as those used for ordinary probation revocations." Alder v. State, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). However, if the trial court determines that the defendant's diversionary sentence should be revoked, the trial court must then conduct a sentencing hearing. State v. Judkins, 185 S.W.3d 422, 426 (Tenn. Crim. App. 2005).

A trial court may revoke a diversionary sentence upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann.

§ 40-35-311(e). A trial court is not required to find that the violation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). In order to conclude that the trial court abused its discretion, there must be "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). "Such a finding 'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). Our standard of review on appeal is whether the trial court abused its discretion in finding that a violation of probation occurred. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

While we acknowledge that the trial court admitted uncertainty about its ability to sentence the Defendant anew, we note that the trial court considered all of the necessary sentencing principles in arriving at its determination. Moreover, the trial court sentenced the Defendant to the maximum term allowable for the conviction offense. The Defendant admitted to the violations of his diversionary sentence but asked the trial court to give him another chance. The record more than supports the trial court's decision to revoke his diversionary sentence and sentence the Defendant to a period of total confinement. The Defendant violated the conditions of his release after having been given a second chance. We conclude that the trial court exercised appropriate discretion in arriving at its determination and that the trial court considered all of the necessary principles in arriving at its determination. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-