IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

### STATE OF TENNESSEE v. JUNE CURTIS LOUDERMILK

**Appeal from the Criminal Court for Shelby County**
**No. 12-00078     W. Mark Ward, Judge**

_____

### No. W2015-00222-CCA-R3-CD  -  Filed January 6, 2016

_____

Defendant, June Curtis Loudermilk, appeals his sentence for driving under the influence ("DUI"), third offense, a Class A misdemeanor, which was imposed upon remand after this Court modified his original conviction for DUI, fourth offense, a Class E felony.  He argues that the sentence is illegal because, during his first direct appeal, he completed a probationary period which exceeded the statutory maximum punishment for a Class A misdemeanor.  We conclude that Defendant's sentence is not illegal because he was not on probation pending the resolution of his direct appeal.  Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Claiborne H. Ferguson (on appeal and at resentencing); Taurus and Walter Bailey (at trial), Memphis, Tennessee, for the appellant, June Curtis Loudermilk.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and, Michael McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts and Procedural History*

This is our second look at Defendant's DUI conviction in the Criminal Court for Shelby County. In April of 2013, a jury convicted Defendant of DUI, fourth offense, and the trial court sentenced him to two years in the workhouse, suspended to supervised probation after seven months of confinement. On direct appeal, this Court modified Defendant's conviction to DUI, third offense, and remanded the case to the trial court for resentencing. *State v. June Loudermilk*, No. W2013-01613-CCA-R3-CD, 2014 WL 3845041 (Tenn. Crim. App. Aug. 6, 2014), *perm. app. denied* (Tenn. Dec. 26, 2014). Upon remand, the trial court held a new sentencing hearing on January 30, 2015. The trial court sentenced Defendant to eleven months and twenty-nine days to be served in the workhouse at 75%. Defendant timely filed a notice of appeal.

*Analysis*

On appeal, Defendant pursues the same argument that he presented to the trial court during the resentencing hearing: that the new sentence is illegal because he has already served seventeen months on probation, which exceeds the statutory maximum punishment for DUI, third offense, which is a Class A misdemeanor. The State argues that Defendant was not on probation during the pendency of his first direct appeal, and alternatively, that he is not entitled to credit for previous time spent on probation because he has yet to serve the mandatory minimum confinement period of 120 days for DUI, third offense.

Because Defendant does not challenge the length, range, or manner of his new sentence, we will not "review[] the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). Instead, Defendant argues that his sentence illegal, which is a question of law we review de novo. *State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *2 (Tenn. Crim. App. May 7, 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)), *no perm. app. filed*.

At the time of the offense, May 6, 2011, DUI, fourth offense, was a Class E felony. *See* T.C.A. § 55-10-403(a)(1)(A)(vi) (2011). DUI, third offense, was a Class A misdemeanor. *See* T.C.A. § 55-10-403(a)(1)(A)(v), (m) (2011). The mandatory minimum sentence for DUI, third offense, was 120 days to be served in the county jail or workhouse, and the maximum sentence was eleven months and twenty-nine days. T.C.A. § 55-10-403(a)(1)(A)(v) (2011). A DUI offender is not "eligible for suspension of sentence or probation . . . until such time as the person has fully served day for day at least the minimum sentence provided by law." T.C.A. § 55-10-403(b)(1) (2011). After service of the ordered incarceration, a DUI offender "shall . . . be required to serve the difference between the time actually served and the maximum sentence on probation." T.C.A. § 55-10-403(c) (2011).

We agree with the State's contention that Defendant, contrary to his assertions, did not actually serve any time on probation during the pendency of his first direct appeal. The original judgment form entered on May 13, 2013, contains the special condition that Defendant "must remain on SCRAM pending appeal." The original split confinement order in this case, entered on July 11, 2013, contains the following handwritten notation: "On appeal—Def to be released prior to serving sentence on appeal bond."

Tennessee Code Annotated section 40-26-102(e) (2011) provides, "The setting of bail or release upon recognizance is a matter of right for one convicted of a felony and sentenced to confinement for less than one (1) year." Because Defendant was originally convicted of felony DUI and sentenced to confinement for seven months, he was entitled to bail. The original judgment and the split confinement order indicate that Defendant made bail by posting an "appeal bond." Because Defendant posted bond and was released on bail pending resolution of his appeal, commencement of his sentence was also stayed pending appeal.

We acknowledge that, on October 30, 2014, while Defendant's Rule 11 application for permission to appeal the decision in his first direct appeal was pending, the trial court entered an "amended probation order," granting unsupervised probation. At the hearing on that matter, defense counsel indicated that, at that time, Defendant had already been on supervised probation for more than eleven months and twenty-nine days. The State did not object. Similarly, at the resentencing hearing, both parties and the trial court proceeded under the impression that Defendant had indeed served seventeen months of probation, partly supervised and partly unsupervised. Yet, aside from the representations of defense counsel, there is no evidence in the record of Defendant's reporting to a probation officer or otherwise being subjected to the terms of probation.

Nonetheless, accepting as true that Defendant was in some manner abiding by typical supervised probation requirements, it appears to us that compliance with such restrictions should be properly viewed as a condition of his bond pending appeal, as was continued use of the SCRAM device. *See State v. Sandra Brown*, No. M2000-00792-CCA-R3-CD, 2001 WL 1094940, at *3 (Tenn. Crim. App. Sept. 19, 2001) (holding that a defendant may not be under supervised probation while simultaneously being released on bail pending appeal "unless reporting to a probation officer is a condition of bail"); *accord State v. Patty Francine Grissom*, No. M2002-00279-CCA-R3-CD, 2003 WL 21397751, at *6 (Tenn. Crim. App. June 18, 2003), *perm. app. denied* (Tenn. Oct. 27, 2003). *But cf. State v. James Cravens*, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *3 (Tenn. Crim. App. Oct. 2, 2003), *perm. app. denied* (Tenn. Mar. 8, 2004) (suggesting that requirement for defendant to report to a probation officer as a condition of bond on direct appeal of a sentence may violate T.C.A. § 40-11-116(b)(1)); *accord State v. Daniel Bilbrey*, No. M2002-01043-CCA-R3-CD, 2004 WL 392587, at

*7-8 (Tenn. Crim. App. Mar. 3, 2004), *overruled on other grounds by State v. Judkins*, 185 S.W.3d 422 (Tenn. Crim. App. 2005).[1]

Furthermore, we note that Defendant's original sentence was two years suspended to supervised probation *after* seven months of confinement. That sentence complied with Tennessee Code Annotated section 55-10-403(b)(1) (2011), which precludes a DUI offender from receiving probation until after having "fully served day for day at least the minimum sentence provided by law." Tennessee Code Annotated section 40-35-303(b) (2011) provides: "Nothing in Acts 1989, ch. 591, the Sentencing Reform Act of 1989, shall be construed as altering, amending or decreasing the penalties established in this section for the offense of driving under the influence of an intoxicant." *See State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995) (holding that "the Criminal Sentencing Reform Act specifically does not apply to DUI sentences in those particulars in which the application of the Act would serve to alter, amend, or decrease the penalties specifically provided for DUI"). Thus, by operation of statute, the trial court could not have permitted Defendant to begin serving a suspended sentence until after he served time in confinement.

Because Defendant was not serving a suspended sentence on probation during the pendency of his direct appeal in this case, his sentence is not illegal, and he is not entitled to any "credit" against the duration of his suspended sentence other than the three days noted on the January 30, 2015 corrected judgment form. After service of 75% of eleven months and twenty-nine days, he will become "eligible for consideration" for work release, furlough, trusty status and rehabilitative programs for the balance of his sentence. T.C.A. § 40-35-302(d).

To be clear, the sentence imposed by the trial court as reflected in the January 30, 2015 corrected judgment form is affirmed. Defendant still has most of that sentence to serve. Defendant shall serve eleven months and twenty-nine days in continuous confinement at 75%, with a $1,100 fine. This renders an absolute minimum of 270 days,[2] day for day, in continuous confinement remaining to be served before Defendant is to be eligible for consideration for time outside the custody of the chief administrator of any local jail, workhouse or other facility in which Defendant is confined. If he is deemed eligible for work release, furlough, trusty status and rehabilitative programs, he may serve the remaining 91 days in such programs. This sentence is in accordance with the

---

[1] Although we determine that reporting to a probation officer was, at most, a condition of Defendant's bond pending appeal, we take no position on whether such a bond condition is authorized by statute. We note, however, that the relevant language of Tennessee Code Annotated section 40-11-116 was amended after *James Cravens* and *Daniel Bilbrey* were decided.

[2] This number of days includes the three days of pretrial jail credit reflected on the January 30, 2015 corrected judgment form.

principles and purposes of the Criminal Sentencing Reform Act of 1989, T.C.A. § 55-10-403(b)(1) (2011), as well as the supreme court's holding in *Palmer*. The percentage of sentence to serve in actual confinement was not imposed arbitrarily by the trial court.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE