IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 9, 2014

## JERMAINE CARLTON JORDAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-1984     J. Randall Wyatt, Jr., Judge**

_____

**No. M2013-02497-CCA-R3-ECN - Filed October 31, 2014**

_____

Petitioner, Jermaine Carlton Jordan, pled guilty to one count of attempted first degree murder and one count of especially aggravated kidnapping in April 2007. Six years later, he filed a petition for writ of error coram nobis, claiming that he should be granted a new trial based on newly discovered evidence. The coram nobis court summarily dismissed his petition as time-barred. Petitioner appealed, arguing that due process considerations require tolling the statute of limitations. Upon thorough review of the record, we determine that Petitioner has neither alleged the nature of the evidence nor when it was discovered sufficiently for us to determine whether it qualifies as a later-arising ground for relief. Therefore, we hold that due process does not require tolling the statute of limitations. We affirm the decision of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Jermaine Carlton Jordan, pro se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Victor S. Johnson III, District Attorney General; and Christopher Buford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

On August 4, 2006, Petitioner was indicted by the Davidson County Grand Jury for attempted first degree murder, especially aggravated kidnapping, aggravated kidnapping, and two counts of aggravated assault. On April 27, 2007, Petitioner pled guilty to attempted first degree murder and especially aggravated kidnapping and received a total effective sentence of seventeen years, to be served at 100 percent. There was no direct appeal.

On June 12, 2007, Petitioner filed a pro se petition for post-conviction relief. After the appointment of counsel, Petitioner filed an amended petition on September 12, 2007. Petitioner argued that he received ineffective assistance of counsel based on trial counsel's failure to adequately interview and investigate witnesses and that his plea was involuntary and unknowing because counsel erroneously advised him that he would be eligible for parole. After a hearing, the post-conviction court filed a detailed written order denying relief because Petitioner failed to prove his claims by clear and convincing evidence. Petitioner appealed, and this Court affirmed the judgment of the post-conviction court. *Jermaine Jordan v. State*, No. M2008-00623-CCA-R3-PC, 2009 WL 1272277 (Tenn. Crim. App. May 6, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009).

On May 17, 2013, Petitioner filed a petition for writ of error coram nobis, an amended petition for writ of error coram nobis, and several motions for production of evidence and transcripts. On September 17, 2013, the coram nobis court entered an order summarily dismissing the petition, finding that the petition was time-barred and failed on its face to allege valid grounds for coram nobis relief. Petitioner filed a motion to reconsider on October 11, 2013. The coram nobis court denied that motion on October 14, 2013. Petitioner filed a notice of appeal with this Court on October 29, 2013.

*Analysis*

As an initial matter, the State contends that this appeal should be dismissed because Petitioner did not timely file his notice of appeal. Under Rule 4(a) of the Tennessee Rules of Appellate Procedure, the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." This Court has previously noted that a motion to rehear or reconsider is not authorized by the Tennessee Rules of Criminal Procedure and, therefore, does not "suspend the running of the appeal time from the entry of the judgment." *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (citing *State v. Bilbrey*, 816 S.W.2d 71, 74 (Tenn. Crim. App. 1991)); *see State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003). However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Therefore, we will excuse Petitioner's untimely filing of his notice of appeal and

consider the merits of his contention that due process considerations require tolling the statute of limitations for filing a petition for writ of error coram nobis.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. That statute provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). The "purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966)). The decision whether to grant or deny a petition for writ of error coram nobis on its merits rests within the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)).

A petition for writ of error coram nobis must include: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial;[1] (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004); *Hart*, 911 S.W.2d at 374-75. In addition, affidavits containing relevant and material information, in which the affiant has personal knowledge, should be filed in support of the grounds raised in the petition. *Hart*, 911 S.W.2d at 374. A court must determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Vasques*, 221 S.W.3d at 526.

---

[1] A guilty plea is considered a trial for purposes of the coram nobis statute. *See Wlodarz v. State*, 361 S.W.3d 490, 504 (Tenn. 2012). Relief may be available if the newly discovered evidence calls into question the knowing and voluntary nature of a guilty plea. *Id.* at 501 (citing *Newsome v. State*, 955 S.W.2d 129, 134 (Tenn. Crim. App. 1998)).

A petition for coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Harris*, 301 S.W.3d at 144 (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). The State bears the burden of raising the statute of limitations as an affirmative defense. *Id*.; *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

Petitioner filed his petition for coram nobis relief almost six years after the judgment in his case became final, and the coram nobis court summarily dismissed the petition on the ground that it was untimely filed. The record on appeal contains no pleading from the State asserting the statute of limitations in response to the petition. However, the State's failure to plead this affirmative defense in response to a petition does not result in waiver "'if the opposing party is given fair notice of the defense and an opportunity to rebut it' because 'the purpose of the specific pleading requirement is to prevent a party from raising a defense at the last possible moment and thereby prejudicing the opposing party's opportunity to rebut the defense.'" *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (quoting *Sands*, 903 S.W.2d at 299). In the case at hand, Petitioner acknowledged in his amended petition that it was filed after the expiration of the one-year statute of limitations. Additionally, Petitioner argued in both his original petition and amended petition that the statute of limitations should be tolled. Therefore, it cannot be said Petitioner was prejudiced by the assertion of the statute of limitations. *See Jerome S. Barrett v. State*, No. M2012-01778-CCA-R3-CO, 2013 WL 3378318, at *3 (Tenn. Crim. App. July 1, 2013).

Despite the one-year statute of limitations, when a petitioner seeks a writ of error coram nobis based on newly discovered evidence, due process considerations may require tolling the statute of limitations. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). Our supreme court has held that, "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Workman*, 41 S.W.3d at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Harris*, 301 S.W.3d at 145.

To determine whether due process principles require tolling the statute of limitations, a court must balance the State's interest in preventing stale and groundless claims with the

petitioner's interest in obtaining a hearing to present a later-arising ground for relief. *Id*. (citing *Workman*, 41 S.W.3d at 103). In balancing these interests, the court must apply a three-step analysis:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds for relief are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id*. (quoting *Sands*, 903 S.W.3d at 301).

In this case, Petitioner entered his guilty plea on April 27, 2007. There were no post-trial motions; therefore, the statute of limitations period began to run on May 27, 2007. Because Petitioner filed his petition for writ of error coram nobis almost five years after the statute of limitations expired in May 2008, we must consider the second step in the analysis and determine whether his asserted grounds for relief "actually arose after the limitations period would normally have commenced." *Id*.

Petitioner claims that the State withheld exculpatory evidence that should have been disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner describes this evidence as "four DVDs" containing what is variously described as either video-recorded interviews of State witnesses or recordings of conversations with the victim. However, Petitioner neither explains in his present pleadings when he discovered the existence of this evidence, nor describes with any particularity what the evidence is, whether the evidence would have been admissible at trial, or how the evidence would have affected the outcome of his case (other than asserting that he might not have pled guilty). As has been so eloquently explained:

> The sufficiency of the contents of a petition for writ of error coram nobis . . . is of utmost importance. Judges anticipate that the petition itself embodies the best case the petitioner has for relief from the challenged judgment. Thus, the fate of the petitioner's case rests on the ability of the petition to demonstrate that the petitioner is entitled to the extraordinary relief that the writ provides.

*Harris*, 301 S.W.3d at 150 (Koch, J., concurring in part and concurring in result) (internal citations omitted). Petitioner bears the burden of "fully and particularly set[ting] forth the

legal and factual grounds upon which relief is sought." *Id*.

The State asserts that the DVDs Petitioner refers to may be recordings of phone conversations between Petitioner and the victim that occurred while Petitioner was in jail awaiting trial on the current charges. If that is the case, then Petitioner, as a party to the phone call, would have known of the existence of this evidence prior to the expiration of the statute of limitations period. Additionally, reference is made to "four DVD interviews" in Petitioner's appellate brief from his earlier post-conviction proceedings, submitted in June 2008.[2] Thus, regardless of the nature of the evidence in question, Petitioner was aware of the existence of this evidence long before he filed his petition for coram nobis relief, and no valid reason has been given for the delay in filing.[3] *See Harris*, 301 S.W.3d at 146-47 (finding that a six-year delay after learning of new evidence did not require tolling of the statute of limitations on due process grounds). Therefore, we find that Petitioner's claims are time-barred and that due process does not require tolling the statute of limitations.

In addition to the supposedly newly discovered evidence, Petitioner claims that his sentence is illegal because his sentence for attempted first degree murder should be served at 100%, but the judgment form reflects a release eligibility of 30%. However, this type of sentencing issue does not involve newly discovered evidence and is, therefore, not a cognizable ground for relief under the writ of error coram nobis. *See* T.C.A. § 40-26-105. Petitioner is not entitled to relief on this ground.

*Conclusion*

Based upon the foregoing reasons, we affirm the judgment of the coram nobis court.

_____
TIMOTHY L. EASTER, JUDGE

---

[2]This Court may take judicial notice of court records in earlier proceedings of the same case. *See Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn.1987).

[3]Petitioner asserts in his petition that the statute of limitations should be tolled because he was unable to research relevant case law until March 2012. This is not a valid reason to toll the statute of limitations.