IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
HEARD AT MEMPHIS
November 13, 2002 Session

## STATE OF TENNESSEE v. MARCUS J. TURCO

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. I98-00168     John P. Colton, Jr., Judge**

---

**No. W2001-01085-SC-R11-CD - Filed June 24, 2003**

---

The parties have addressed several issues in this case, each of which concerns the trial court's authority to grant relief pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure, which articulates the procedure for correcting or reducing a sentence. Only one, however is dispositive: whether the trial court can, after adjudicating guilt, imposing sentence, and entering judgment, grant judicial diversion as Rule 35(b) relief. This issue is one of first impression in this state. After careful examination of the record and due consideration of applicable authority, we conclude that there is no statutory authority for permitting judicial diversion after an adjudication of guilt or imposition of sentence. Therefore, judicial diversion was erroneously granted. Because our ruling on this issue is dispositive of this cause, we need not address other issues presented by the parties.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed; Judgment of the Trial Court Reversed; Case Remanded**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Irvin M. Salky and Stephen I. Cohen (at hearing), Memphis, Tennessee, for the appellant, Marcus J. Turco.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Thomas Hoover, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

I. FACTS AND PROCEEDINGS BELOW

On April 23, 1999, the defendant, Marcus Turco, entered an agreed plea of guilty to the offense of sexual battery, a Class E felony offense. Under the agreement, the trial court would consider Turco's petition for judicial diversion but was bound only to impose an "appropriate sentence."[1] Following the guilty plea, the trial court conducted a hearing on the defendant's petition for judicial diversion and denied it, filing therewith written findings of fact and conclusions of law. On June 28, 1999, the court conducted a sentencing hearing and, immediately thereafter, entered a judgment of conviction of the offense of sexual battery and imposed a workhouse sentence of one year, suspended, and one-year probation.

On July 27, 1999, the defendant simultaneously filed in the trial court a "Notice of Appeal" and a "Motion For New Trial/Hearing, to Reconsider Judgment and to Correct or Reduce Sentence." In essence, the motion requested that the trial court change the defendant's one-year suspended sentence to judicial diversion. As bases for the motion, the defendant cited both Rule 33 ("New Trial") and Rule 35(b) ("Correction or Reduction of Sentence") of the Tennessee Rules of Criminal Procedure.[2]

On December 8, 2000, approximately six months after the expiration of Turco's probation,[3] the trial court entered an order vacating the judgment of conviction and granting the defendant judicial diversion for one year. The State filed a timely notice of appeal on December 19, 2000. On January 12, 2001, the defendant filed a motion in the Court of Criminal Appeals seeking to withdraw the notice of appeal of his sentence, which he filed on July 27, 1999. The Court of Criminal Appeals granted the motion and dismissed the defendant's appeal.[4]

The State's direct appeal of the trial court's order vacating the judgment of conviction and granting judicial diversion proceeded in the Court of Criminal Appeals. After due consideration, the

---

[1] The precise terms of the sentence were not a part of the agreement.

[2] On appeal, the defendant has relied only upon Rule 35(b) as the basis for the trial court's action in granting him judicial diversion after the completion of his suspended sentence and probation. He no longer relies upon Rule 33, pertaining to motions for new trial; we note, however, that Rule 33 is inapposite because there was no "trial" in this case. See Downs v. State, 509 S.E.2d 40, 41 (Ga. 1998) (stating, "one who has entered a plea of guilty cannot move for a new trial, as there was no trial"). We also note that the Rules of Criminal Procedure do not authorize a "petition to reconsider." See State v. Ryan, 756 S.W.2d 284, 285, n.2 (Tenn. Crim. App. 1988) (stating, "there is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider' or a 'petition to rehear'"); accord State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992).

[3] The hearing on the motion was continued several times for reasons not evident in the record.

[4] It appears that no action had been taken on the defendant's appeal. The transcript of the trial court's hearing on the Rule 35(b) motion indicates that defense counsel told the trial judge that counsel contacted the Appellate Court Clerk's office after filing of the notice of appeal and informed the Clerk about the pending Rule 35(b) motion. According to defense counsel, "they just told me that they were going to hold [the appeal] in limbo, so to speak, until the Court acted on the motion." No issue is raised concerning the propriety of an appeal being indefinitely held "in limbo," absent an order entered by the appellate court, and we express no opinion as to the parties' or the Clerk's authority to do so.

intermediate court reversed the trial court's judgment and held that: (1) judicial diversion is not a "sentence" and therefore cannot be granted as Rule 35(b) relief; and (2) a trial court cannot modify a sentence under Rule 35(b) after the sentence has been fully served and has expired.

We granted the defendant's application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to decide whether judicial diversion can be granted as Rule 35 relief.

## II. STANDARD OF REVIEW

The issue in this case is a question of law involving undisputed facts. Accordingly, our review is de novo without a presumption of correctness. State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001); Weston v. State, 60 S.W.3d 57, 59 (Tenn. 2001).[5]

## III. JUDICIAL DIVERSION & RULE 35(b)

Turco asserts that judicial diversion can be granted as relief pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. In support of this assertion, Turco contends that judicial diversion is a "sentence" for purposes of Rule 35(b) and that a trial court may, therefore, substitute judicial diversion for a sentence of incarceration that includes a suspension of sentence, pursuant to Rule 35(b). We begin our analysis of this issue with a consideration of the judicial diversion statute, Tennessee Code Annotated section 40-35-313 (1997 & Supp. 2002). Under that statute, a "qualified defendant," who has pleaded guilty (or nolo contendere) or has been found guilty of a misdemeanor or a designated felony, may be placed on judicial diversion.[6] This section provides, in pertinent part:

> The court may defer further proceedings against a qualified defendant and place such defendant on probation upon such reasonable conditions as it may require *without entering a judgment of guilty* and with the consent of the qualified defendant. Such deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged.

Tenn. Code Ann. § 40-35-313(a)(1)(A) (emphasis added).

The section continues:
Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. If, during the period of probation, such

---

[5] We note that trial courts' decisions granting or denying judicial diversion generally are reviewed on appeal under an abuse-of-discretion standard. See State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983). The jurisdictional issues in the pending appeal, however, are issues of law that require the application of the de novo standard of review.

[6] The State does not dispute that Turco is a "qualified defendant" as defined in Section 40-35-313(a)(1)(B)–he pleaded guilty to a Class E felony and has not previously been convicted of a felony or a Class A misdemeanor.

person does not violate any of the conditions of the probation, then upon expiration of such period, the court shall discharge such person and dismiss the proceedings against the person. Discharge and dismissal under this subsection is *without court adjudication of guilt . . . .*[7]

Tenn. Code Ann. § 40-35-313(a)(2) (emphasis added).

Having reviewed the pertinent portions of the judicial diversion statute, we now address whether judicial diversion an option available pursuant to Rule 35(b). Rule 35(b) provides:

The trial court may *reduce a sentence* upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Tenn. R. Crim. P. 35(b) (emphasis added).

By its terms, Rule 35(b) authorizes a trial court only to "reduce a sentence," and the rule further states that such "[a] modification can only be as to any sentence the court could have originally imposed." Turco contends that judicial diversion is a "sentence [that] the court could have originally imposed" and that the trial court may, therefore, reduce a sentence to judicial diversion. The State responds that judicial diversion is not even a "sentence" and, as such, Turco's sentence may not be "reduced" to judicial diversion.

To buttress his contention, Turco relies upon the decision of the Court of Criminal Appeals in State v. Biggs, 769 S.W.2d 506 (Tenn. Crim. App. 1988), and upon several of its unpublished opinions. See State v. Wilbanks, No. 02C01-9601-CR-00003, 1996 WL 668119 (Tenn. Crim. App. Nov. 19, 1996); State v. Jamerson, No. 02C01-9512-CC-00388, 1996 WL 432333 (Tenn. Crim. App. Aug. 2, 1996); State v. Cable, No. 03C01-9409-CR-00349, 1995 WL 328796 (Tenn. Crim. App. June 1, 1995). In Biggs, the Court of Criminal Appeals treated a "motion to reconsider" the denial of probation as a motion to reduce the sentence pursuant to Rule 35(b). In so doing, the court

---

[7]The statute, specifically section 40-35-313(b), goes on to provide that "[u]pon the dismissal of such person and discharge of the proceedings against the person under subsection (a)," the defendant may apply to the court for an order expunging all public records relating to the offense. The expungement provision, however, does not apply if the offense for which deferral and probation was granted was a "sexual offense" as defined in section 40-39-102(5). Assuming arguendo that the trial court was authorized to place Turco on judicial diversion, it appears that he would not have been entitled to expungement because he pleaded guilty to sexual battery, a "sexual offense" listed in section 40-39-102(5).

concluded that granting probation in lieu of imprisonment is a reduction of the sentence for purposes of Rule 35(b) and that the defendant's motion therefore was properly before the trial court.

Turco analogizes <u>Biggs</u> (a reduction of a prison sentence to probation) to the pending case (reduction of a prison sentence to judicial diversion). He notes also that the <u>Biggs</u> court used the terms "sentence" and "sentencing" in its discussion of judicial diversion in several of the unpublished cases referenced above. <u>Biggs</u> is clearly distinguishable from the case under submission in that in <u>Biggs</u>, the trial court ordered the sentence reduction from imprisonment to probation <u>without</u> vacating the judgment of guilt, that is, the conviction. In the case under submission the trial court purported to vacate the judgment of conviction <u>before</u> placing Turco on judicial diversion. Thus, the contrast is glaringly apparent. Accordingly, we conclude that neither <u>Biggs</u> nor the unpublished cases upon which Turco relies supports his contention that the trial court is empowered to reduce a sentence of imprisonment to judicial diversion under the authority of Rule 35(b).

Additionally, Rule 32(e) of the Tennessee Rules of Criminal Procedure provides, in pertinent part, that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." As Rule 32(e) indicates, the sentence is only one part of the judgment of conviction–the judgment also includes the "adjudication" of guilt.

Referring again to the judicial diversion statute, Tennessee Code Annotated section 40-35-313(a)(1)(A), we note that judicial diversion is granted "without entering a judgment of guilty." Thus, in order to reduce a sentence of imprisonment (including a suspended sentence) to judicial diversion, the trial court first would be required to vacate the judgment of conviction. However, it is clear that Rule 35(b) only authorizes the trial court to act on *one* component of the "judgment of conviction" described in Rule 32(e), i.e., to reduce the "sentence." Nothing in Rule 35(b) authorizes the trial court to vacate the judgment of conviction ("the plea, the verdict or findings, the adjudication and sentence") in its entirety. <u>Cf.</u> Tenn. R. Crim. P. 33 (articulating procedures for a new trial and authorizing the vacating of the judgment of conviction in appropriate circumstances); Tenn. R. Crim. P. 32(f) (articulating procedure for the withdrawal of a guilty plea and authorizing the vacating of the judgment of conviction in appropriate circumstances).[8] Thus, judicial diversion must be granted "without a judgment of guilt." In an obvious effort to fulfill this requirement, the trial court purported to vacate the previously entered "judgment of guilt" or conviction. As outlined above, the trial court did not have statutory authority for ordering judicial diversion after an adjudication of guilt or imposition of sentence. Therefore, the order purporting to accomplish this has no effect.

IV. CONCLUSION

---

[8]Other possible remedies that might result in the vacating of a judgment of a conviction would be a petition for post-conviction relief filed pursuant to Tennessee Code Annotated sections 40-30-201 and -222 (1997 & Supp. 2002), a petition for writ of habeas corpus filed pursuant to Tennessee Code Annotated sections 29-21-101 and -130 (2000), or a petition for writ of error coram nobis filed pursuant to Tennessee Code Annotated section 40-26-105 (1997).

Summarizing, we hold that judicial diversion is not available as Rule 35(b) relief after an adjudication of guilt, entry of judgment of conviction, and sentence of incarceration. Accordingly, the judgment of the Court of Criminal Appeals (reversing the judgment of the trial court) is hereby affirmed. The costs are taxed to the appellant, Marcus J. Turco, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE