# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 19, 2003

## STATE OF TENNESSEE v. JARED SINGLETON

**Appeal from the Circuit Court for Warren County**
**No. F8873     Charles D. Haston, Judge**

---

### No. M2002-02392-CCA-R3-CD - Filed March 5, 2004

---

The defendant, Jared Singleton, entered pleas of guilt to forgery, a Class E felony, and criminal impersonation, a Class B misdemeanor. After denying the defendant's request for judicial diversion under Tennessee Code Annotated section 40-35-313, the trial court imposed concurrent sentences of two years for the forgery and six months for the criminal impersonation. Probation was to be granted after service of 30 days in the county workhouse. In this appeal of right, the defendant contends that the trial court abused its discretion by denying judicial diversion. The judgment of the trial court is reversed and the defendant is granted judicial diversion. The cause is remanded to the trial court for the imposition of conditions of the probationary term.

**Tenn. R. App. P. 3; Judgments of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Quenton Scott Horton, McMinnville, Tennessee, for the appellant, Jared Singleton.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; and Larry Bryant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In October of 2001, the defendant created on his home computer a check in the sum of $368.94 drawn on the account of McMinnville Home Health Care, a fictitious company, hitched a ride from Tazewell to McMinnville, and then attempted to purchase $64.04 in groceries. After producing false identification on a fictitious person at the Sav-A-Lot grocery store in an effort to cash the check, the defendant was arrested and immediately confessed his crimes.

At the hearing on his application for judicial diversion, the defendant described his actions as a "foolish . . . stupid mistake." The defendant testified that he had been out of work, was short of funds, and had just been involved in a traffic accident in which "there was some kind of problem

with the insurance."  He stated that he had hitchhiked from Tazewell to McMinnville to cash the check (because he believed no one knew him in Warren County) and had planned the trip one week before the offenses.  The defendant acknowledged that he had been unsuccessful in an attempt to cash the check at Kroger's before going to Sav-A-Lot.

By the time of the hearing, the defendant, age 24, was employed full time in carpentry construction with Precision Structure in Tazewell earning $8.00 per hour.  He was also a student at Walters State Community College where he studied psychology and journalism.  The defendant resided with and helped care for his 78-year-old grandmother, who was afflicted with diabetes.  His prior record consisted of one or two speeding tickets.  The defendant had graduated with honors from Claiborne County High School.

The defendant's mother, Kay Lane, who had been employed for years by physicians in Morristown, testified that the defendant was 10 years old when his father was murdered.  She testified that the defendant had been treated for depression for a period of time thereafter but was always a very fine student who generally conducted himself in an exemplary manner.

The state objected to judicial diversion on the basis that the defendant had planned his offenses for several days.  As its basis for denial, the trial court described the offenses as "well planned "and "premeditated," questioning why the defendant would undertake such an effort for only $380.00.

In this appeal, the defendant asserts that the trial court failed to address all of the relevant factors for judicial diversion and did not articulate specific reasons for the denial.  He argues  that the trial court abused its discretionary authority by denying diversion.

The judicial diversion statute provides that after an adjudication of guilt, a trial court may defer entry of judgment until a defendant successfully completes a diversion program or violates a condition of his release.  See Tenn. Code Ann. § 40-35-313.  If a defendant is successful, the statute provides for expungement from "all official records . . . all recordation relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section."  Tenn. Code Ann. § 40-35-313(b).  The effect of dismissal under the diversion statute "is to restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information."  Id.

A defendant who meets the prerequisites of section 40-35-313(a)(1) is not entitled to judicial diversion as a matter of right.  State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).  The decision to grant or deny judicial diversion rests within the sound discretion of the trial court and will be overturned only after a finding of an abuse of that discretion.  Id.  "This [c]ourt . . . will not interfere with the refusal of the trial court to grant judicial diversion if there is 'any substantial evidence to support the refusal' contained in the record."  Id. (quoting State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992)); see also State v. Turco, 108 S.W.3d 244, 246 n.5 (Tenn. 2003) (noting that "trial

courts' decisions granting or denying judicial diversion generally are reviewed under an abuse-of-discretion standard ").

The criteria that the trial court must consider in deciding whether to grant or deny judicial diversion include: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996); Bonestel, 871 S.W.2d at 168. In addition, the trial court should determine whether judicial diversion will serve the ends of justice. Parker, 932 S.W.2d at 958. The trial court must consider all of the enumerated criteria and must clearly articulate on the record the specific reasons for its determination. Id.

Typically, the record must reflect that the trial court has weighed all of the factors in reaching its determination. Bonestel, 871 S.W.2d at 168. The statute contemplates that trial courts explain on the record why a defendant does not qualify under its analysis and, when factors suggesting denial outweigh the factors favorable to the grant of judicial diversion, it is the duty of the trial court to explain on the record.

In this instance, the 24-year-old defendant, who had never been married and who had no children, was employed full time, had been an honor student in high school, attended a community college, and had no prior criminal record. The trial court denied the request for diversion based upon one of the seven applicable factors, the circumstances of the offense. Because the defendant had planned the offenses for a week and had utilized his home computer to prepare the check and false identification, the trial court deemed him unworthy of the grant of the judicial diversion.

In our view, the circumstances of the offense, at least by comparison to many other crimes of this nature, were not particularly aggravated. The defendant wrote the check on a fictitious account and utilized a fictitious name on the identification documents. The crime was attempted but not completed. No victim suffered either loss or injury. Moreover, each of the remaining seven factors would tend to have favored the grant of judicial diversion. All of the testimony, correspondence in the record, and the behavior of the defendant after the offenses establish that he was amenable to rehabilitation. Aside from the traffic citations, the defendant had no prior criminal record. Other than the untimely death of his father, which caused some depression, the defendant had a favorable social history and was in good physical and mental health. He had the continuing support of his family. There was no indication in the record that this case had any particular deterrence value. Our criminal justice system is designed to offer leniency when deserved and when society can benefit. When the trial court fails to place reasons for denial of diversion on the record, as in this case, this court must review the entirety of the evidence to "'determine whether the trial court reached the correct result, notwithstanding its failure to explain its reasoning.'" See State v. Larry Eldon Shannon, No. M2000-00985-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 27, 2001) (quoting State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)). From our review of the record, the factors favoring the grant of judicial diversion far outweigh the single factor which would tend to militate against the grant. While the circumstances of the offense might,

in some circumstances, outweigh all of the other factors, the circumstances here, while unlawful acts, do not by any measure qualify as aggravated.

Accordingly, the judgment of the trial court is reversed, the defendant is granted judicial diversion, and the cause is remanded for the imposition of conditions of the probationary term. Costs are adjudged against the state.

_____
GARY R. WADE, PRESIDING JUDGE