# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 18, 2014

## STATE OF TENNESSEE v. LEVAR O. WILLIAMS

**Appeal from the Criminal Court for Bradley County**
**No. 14CR083     Carroll L. Ross, Judge**

---

## No. E2014-01068-CCA-R3-CD - Filed March 19, 2015

---

The petitioner, Levar O. Williams, appeals the trial court's denial of his motion to correct an illegal sentence. Following our review of the briefs of the parties, the record, and the applicable authorities, we conclude that the petitioner failed to file a timely notice of appeal and that the "interest of justice" does not warrant waiver of the timely notice requirement. As a result, we dismiss his appeal.

**Tenn. R. Crim. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Levar O. Williams, *pro se,* Atlanta, Georgia.

Herbert H. Slatery III, Attorney General and Reporter; Deshea Dulany Faughn, Senior Counsel; R. Stephen Bebb, District Attorney General; and Andrew D. Watts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On August 14, 1998, the petitioner pled guilty in case number 97-513 to one count of the sale of less than 0.5 grams of cocaine, a Class C felony, and he received a three-year sentence. On that same day, he also pled guilty in case number 98-311 to one count of

possession of more than 0.5 grams of cocaine for resale, a Class B felony, and received a twelve-year sentence. The sentences were to be served concurrently for an effective sentence of twelve years.

On January 22, 2014, the petitioner filed a pleading styled "28 U.S.C. § 2254 Void Sentence/Invalid Convictions/Unconstitutional Sentence." He alleged that his August 14, 1998 plea agreement was void because his "1997-1998" convictions were run "concurrent[ly] together," which he contended was illegal. The pleading contained no explanation as to why the concurrent sentences were illegal. In its Motion to Dismiss the pleading, the State asserted that the petition "appear[ed] to be a hybrid combination of a Post-Conviction Relief petition, a Habeas Corpus petition, and a Motion to Correct an Illegal Sentence under Tenn. R. Crim. P. 36.1." The State contended that the statute of limitations for seeking post-conviction relief had expired and that the petition did not allege any cognizable grounds for habeas corpus relief. The State also contended that the petition did not state a colorable claim for relief pursuant to Tenn. R. Crim. P. 36.1 because the petition did not describe why the petitioner's sentence was illegal. The trial court granted the State's motion to dismiss the petition on March 2, 2014.

On March 24, 2014, the petitioner filed a "Motion to Reconsider Rule 36.1 Motion to Correct an Illegal Sentence." He contended that the imposition of concurrent sentences was illegal in contravention of Tennessee Code Annotated section 40-20-111(b). On May 6, 2014, the trial court denied the motion to reconsider. The petitioner subsequently filed his notice of appeal on May 27, 2014.

**Analysis**

On appeal, the petitioner argues that his concurrent sentences were illegally imposed in contravention of Tennessee Code Annotated section 40-20-111(b) because he committed the felony offense in case number 98-311 while released on bail. In response to the State's argument that his notice of appeal was untimely filed, the petitioner contends that the thirty-day time period in which to file a notice of appeal did not begin until the trial court denied the motion to reconsider on May 6, 2014.

As the State correctly notes, the petitioner's notice of appeal was filed nearly three months after the trial court denied the petitioner's motion. Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Upon the filing of certain motions, such as a motion for a judgment of acquittal, a suspended sentence, the withdrawal of a guilty plea, a new trial, or arrest of judgment, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or

2

denying any other such motion or petition." Tenn. R. Crim. P. 4(c).  However, the Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider.  *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003).  The filing of a motion to reconsider does not toll the time for filing a notice of appeal.  *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992).

However, in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice."  Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *2 (Tenn. Crim. App. Feb. 13, 1996).  "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007).

The petitioner contends that his notice was timely filed because it was filed within thirty days of the denial of his motion to reconsider.  To the extent that the petitioner may be appealing the denial of his motion to reconsider, Tennessee Rule of Appellate Procedure 3(b) does not provide for an appeal as of right from the denial of a motion to reconsider. Therefore, this court does not have jurisdiction over the denial of the motion to reconsider, and we only consider his original motion, the pleading styled "28 U.S.C. § 2254 Void Sentence/Invalid Convictions/Unconstitutional Sentence."  However, as we stated above, the filing of a motion to reconsider does not toll the time period to file a notice of appeal, and we conclude that the petitioner's notice was untimely.  Accordingly, we consider whether the "interest of justice" warrants a waiver of the notice requirement.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered."  Tenn. R. Crim. P. 36.1(a).  A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute.  *Id.*  If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). Rule 36.1 does not define "colorable claim," and this court has adopted the definition of "colorable claim" from Tennessee Supreme Court Rule 28 § 2(H), which defines the term in the context of post-conviction relief.  *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014).  "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner would entitle petitioner to relief . . . ."  Tennessee Supreme Court Rule 28 § 2(H).  However, to state a colorable claim for post-conviction relief, the petition must contain some factual allegation demonstrating an abridgment of a constitutional right.  *See* Tennessee Supreme Court Rule

3

28 § 5(F)(3) (stating that a post-conviction petition may be dismissed without a hearing if it "does not contain specific factual allegations"); *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (concluding that a petition for post-conviction relief was properly dismissed without holding an evidentiary hearing when the petitioner alleged that he received the ineffective assistance of counsel but failed to alleged a specific factual basis establishing deficient performance or prejudice). Similarly, a motion to correct an illegal sentence must include a factual allegation to support the assertion that the sentence was illegal. In his original motion, the petitioner did not state a colorable claim for relief under Rule 36.1. While the motion states that his "1997-1998" convictions were illegally run concurrently, it fails to allege any specific facts indicating why concurrent sentencing was illegal. Because the petitioner did not provide any facts to support his allegation, the trial court properly dismissed the petition. As a result, we conclude that the "interest of justice" does not warrant waiver of the filing of the untimely notice of appeal.

## Conclusion

Based upon the foregoing reasoning, we dismiss this appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE