IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs June 10, 2015

**STATE OF TENNESSEE v. KENNETH D. SANDERS**

**Appeal from the Circuit Court for Grundy County**
**No. 3081      Thomas W. Graham, Judge**

_____

**No. M2014-01689-CCA-R3-CD – Filed October 28, 2015**

_____

Petitioner, Kenneth D. Sanders, appeals the order of the trial court denying his motion to vacate his guilty plea and/or motion to alter and amend the judgment in which he alleged that he received ineffective assistance of counsel during his guilty plea proceedings. The trial court treated the motion as a petition for post-conviction relief and found that it was filed beyond the statute of limitations. On appeal, Petitioner argues that: (1) Petitioner is actually innocent; (2) The District Court [sic] lacked subject matter jurisdiction; (3) The sentence is an illegal sentence; (4) Petitioner's guilty plea was not knowingly and intelligently made; and (5) Petitioner was deprived of his rights guaranteed him by the Sixth and Fourteenth Amendments. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Kenneth D. Sanders, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; James Michael Taylor, District Attorney General; and David Shinn, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Background*

On May 14, 1997, Petitioner pleaded guilty to possession of marijuana with intent to sell, a Class E felony. He received a sentence of two years to be served on community

corrections. The judgment was entered on July 7, 1997. A violation of community corrections warrant was issued on November 13, 1997, and a revocation order was entered on November 30, 1998. Defendant was sentenced to time served, and he was placed back on community corrections. On January 25, 1999, a second violation of community corrections warrant was issued in the present case and in case numbers 3149 and 3222. The order revoking community corrections noted that Petitioner had a "total" sentence of ten years for the three cases. Petitioner was ordered to serve the balance of his sentence "with credit for community correction days for 11-30-98 and jail credit from 1-25-99 [to] 3-12-99."

On December 13, 2013, Petitioner filed a motion to vacate his guilty plea and/or motion to alter and amend the judgment alleging that he received ineffective assistance of counsel during his guilty plea proceedings. On February 26, 2014, the trial court denied the motion by written order which was filed by the clerk the following day. The court noted that the motion was barred by the statute of limitations for post-conviction relief. On July 22, 2014, Petitioner filed a "motion requesting the court to take notice of and to consider the attached motion and answer." The motion averred that on March 5, 2014, Petitioner had filed a motion to reconsider the trial court's order of February 26, 2014. The motion to reconsider also referenced the State's motion to dismiss. Petitioner further indicated that he had recently been informed by the court clerk that the motion for reconsideration was never received.

On August 20, 2014, the trial court entered an order "denying the [Petitioner's] motion requesting the court to take notice of and to consider the attached motion and answer and [Petitioner's] motion for reconsideration [of] the court's order dated February 26, 2014." Petitioner filed a notice of appeal on August 28, 2014.

*Analysis*

On appeal, Petitioner makes the following claims:

(1) Petitioner is actually innocent; (2) The District Court [sic] lacked subject matter jurisdiction; (3) The sentence is an illegal sentence; (4) Petitioner's guilty plea was not knowingly and intelligently made; and (5) Petitioner was deprived of his rights guaranteed him by the Sixth and Fourteenth Amendments.

Initially, we point out that the only claim raised in Petitioner's motion to vacate his guilty plea and/or motion to alter and amend the judgment was that he received ineffective assistance of counsel during his guilty plea proceedings. Therefore, the

2

additional claims raised by Petitioner on appeal are waived. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

Next, the State argues that Petitioner's notice of appeal was filed late and that the interest of justice does not require waiver, and the appeal should be dismissed. As noted above, the trial court treated Petitioner's motion to vacate his guilty plea as an untimely request for post-conviction relief. *See Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995)(A trial court has discretion to treat a pleading according to the relief sought.) As pointed out by the State, the trial court entered an order on February 26, 2014, denying Petitioner's motion, and Petitioner alleges that on March 5, 2014, he filed a motion to reconsider. That motion was apparently never received by the court clerk, and Petitioner filed a motion on June 6, 2014, seeking a ruling on his motion to reconsider, followed by a re-filing of the motion. On August 20, 2014, the trial court entered an order denying Petitioner's motions from which Petitioner filed the present appeal. Petitioner's notice of appeal was filed on August 28, 2014.

A petitioner must file a notice of appeal within thirty days of the entry of the judgment appealed from. Tenn. R. App. P. 4(a). As a general rule, the trial court's judgment becomes final thirty days after entry unless a notice of appeal or a motion specified in Tenn. R. App. P. 4(c) is timely filed. *State v. Peele*, 58 S.W.3d 701, 705-06 (Tenn. 2001). Petitioner's motion to consider is not a specified motion that tolls the timely filing of a notice of appeal pursuant to Rule 4. *State v. Locke*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). Likewise, a motion to reconsider is not recognized by the Tennessee Rules of Criminal Procedure. *State v. Turco*, 108 S.W.3d 244, 245 n. 2 (Tenn. 2003). Therefore, Petitioner had thirty days from February 26, 2014, to file his notice of appeal. The notice was not filed until August 28, 2014.

Despite the untimeliness of Petitioner's notice of appeal, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). However, waiver is not automatic. *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of delay in seeking relief, and any other relevant factors presented in the particular case. *Id.* (Internal quotation and citation omitted).

In this case, the interest of justice does not require waiver. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . T.C.A. § 40-30-102(a). In this case, Petitioner has not alleged any grounds sufficient to toll the statute of

3

limitations. T.C.A. § 40-30-102(b), *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). Petitioner's conviction became final on August 6, 1997, thirty days after entry of the judgment. Petitioner had one year from that date to present his claim that the plea was the result of the deficient performance of counsel. Petitioner did not file his motion to vacate his guilty plea and/or motion to alter and amend the judgment, which the trial court treated as a petition for post-conviction relief, until December 13, 2013, more than fifteen years later.

Petitioner has not shown that his late-filed notice of appeal should be granted in the interest of justice, and none is apparent on the record. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

4