# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. KENDALL JOY

**Appeal from the Criminal Court for Shelby County**
**No. 1300805      J. Robert Carter, Jr., Judge**

_____

**No. W2015-01765-CCA-R3-CD  -  Filed March 22, 2016**

_____

The Petitioner, Kendall Joy, appeals the trial court's denial of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Kendall Joy, Pine Knot, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

### OPINION

On February 21, 2013, the Petitioner was indicted on three counts of aggravated assault and one count of reckless endangerment in case number 13-00805. His charges were dismissed on May 31, 2013. On June 22, 2015, the Petitioner mailed a petition for writ of habeas corpus from a federal detention facility. He challenged the judgments in case number "13100941 and "1300805." There is nothing in the appellate record regarding "13100941." On July 15, 2015, the trial court entered an order denying the Petitioner's petition. The trial court found that the Petitioner was not detained as a result

of the indictment in state court and that as a federal prisoner, he is not entitled to habeas corpus relief. On August 12, 2015, the Petitioner filed a request to reconsider, and the trial court entered an order denying the request on August 20, 2015. On September 5, 2015, the Petitioner filed a pro se notice of appeal.

We first note that the notice of appeal document was not timely filed. The Petitioner's August 12, 2015 request to reconsider is not a specified motion that tolls the timely filing of a notice of appeal. *See* Tenn. R. App. P. 4(c). A motion to reconsider is not recognized by the Tennessee Rules of Criminal Procedure. *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003). Therefore, it does not toll the time for filing a notice of appeal. *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). Tennessee Rules of Appellate Procedure 4(a), however, provides that the notice of appeal is not jurisdictional and that the timely filing may be waived in the interest of justice. Due to the Petitioner's status as an incarcerated pro se defendant and because the State did not object to the untimely notice of appeal, we will waive the timely filing requirement in the interest of justice.

Regardless, the Petitioner is not entitled to relief. To be entitled to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). The Petitioner was never convicted of the charges in case number 13-00805. Therefore, he is not imprisoned or restrained of liberty by convictions in the state court. Rather, he is a federal prisoner and is not entitled to state habeas reivew of his federal detention. *See* Tenn. Code Ann. § 29-21-102. Accordingly, the trial court properly denied the Petitioner's habeas corpus petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE

2