IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 4, 2018 Session

**CALVIN DOUGLAS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 12-05135          Carolyn W. Blackett, Judge**

————————————————————

**No. W2017-00762-CCA-R3-PC**

————————————————————

The Petitioner, Calvin Douglas, appeals the denial of his petition for post-conviction relief and the denial of his motion to reconsider, in which he argued that the facts presented at the post-conviction evidentiary hearing supported a writ of error coram nobis on the basis of newly discovered evidence. Pursuant to an order by this court, the Petitioner was permitted to file an untimely notice of appeal. After a review of the record, we hold that this court's order allowing the Petitioner to late-file his notice of appeal was improvidently granted. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Josie S. Holland, Memphis, Tennessee, for the appellant, Calvin Douglas.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Omar Malek and Paul Goodman, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

A Shelby County jury found the Petitioner guilty of three counts of aggravated assault and one count of reckless endangerment with a dangerous weapon, and he received an effective sentence of twenty years. The judgments and an order denying the Petitioner's motion for a new trial were entered on February 14, 2014. The Petitioner's

convictions and sentences were upheld on direct appeal. *See State v. Calvin Douglas*, No. W2014-00505-CCA-R3-CD, 2015 WL 846754, at *1-4 (Tenn. Crim. App. Feb. 26, 2015), *no perm. app. filed*.

The Petitioner filed a timely pro se petition for post-conviction relief, which was amended following the appointment of counsel, and alleged ineffective assistance of counsel in various respects. The post-conviction court held an evidentiary hearing and denied relief in a written order filed on January 25, 2017. Instead of filing a notice of appeal, the Petitioner filed a "Motion to Reconsider" with the post-conviction court on February 6, 2017. In his motion, the Petitioner argued that the facts established during the post-conviction evidentiary hearing should be considered as newly discovered evidence that entitled him to a new trial in the context of a petition for a writ of error coram nobis. The Petitioner alternatively asked that the post-conviction court "toll the statute of limitations for bringing a writ of error coram nobis claim prior to the judgment in this matter becoming final." He requested the post-conviction court to "[s]tay[] the time frame in which [he] must file his Notice of Appeal, so that the court may consider the evidence under this newly presented legal theory." On March 24, 2017, the post-conviction court held a hearing on the motion, denied the Petitioner's request for a new trial, and declined to toll the statute of limitations for a petition for writ of error coram nobis.

On April 18, 2017, the Petitioner filed a "Motion to Late File Notice of Appeal" with this court, which included the fact that the petition for post-conviction relief had been denied and that he had filed a motion for reconsideration. The motion to late file did not mention that the Petitioner was seeking any coram nobis relief. On May 5, 2017, this court granted the Petitioner an additional ten days, and the notice of appeal was filed on May 15, 2017.

## ANALYSIS

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." *See* T.C.A. § 40-30-116 ("The order granting or denying [post-conviction] relief … shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."). Rule 4(a) also allows for this court to waive the timely filing requirement "in the interest of justice." This court considers "the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors" in determining whether waiver is appropriate. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). The Petitioner has the burden of establishing that waiver is

appropriate. *State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *2 (Tenn. Crim. App. Jan. 20, 2017), *no perm. app. filed.*

The Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider. *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003). Moreover, filing a motion to reconsider the denial of post-conviction relief does not toll the time for filing a notice of appeal. *See State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) ("No other motion, including one for rehearing, is allowed to suspend the running of the appeal time from the entry of the judgment."). Thus, to have been timely, the Petitioner should have filed his notice of appeal within thirty days after January 25, 2017, the date on which the post-conviction court entered its order denying relief. Instead, the Petitioner filed his motion to late-file the notice of appeal on April 18, 2017, well after the thirty days had expired.

We acknowledge that this court granted an order that allowed the Petitioner to late-file his notice of appeal. When this court makes such determinations, we do not have the benefit of reviewing the record; instead, the only information available to this court is that contained within a petitioner's motion and any accompanying affidavit of counsel. The Petitioner's motion indicates that his notice of appeal was not timely filed because the thirty days had expired while his "Motion to Reconsider" was still pending with the post-conviction court. The Petitioner's motion to late-file the notice of appeal did not indicate the claims he intended to raise on appeal.

After a review of the appellate record and the Petitioner's "Motion to Reconsider," it is clear that the motion was essentially a petition for writ of error coram nobis. The "Motion to Reconsider" did not revisit any of the post-conviction issues. We note that filing a motion to reconsider after the denial of a post-conviction petition is not proper procedure. *See Turco*, 108 S.W.3d at 245, n.2. Moreover, the Petitioner asked the court to consider the evidence from the hearing under a completely new legal theory — a writ of error coram nobis based on newly discovered evidence. Filing a petition for coram nobis relief under the guise of a motion to reconsider is not proper procedure. *See* T.C.A. §§ 40-26-105 (providing that a writ of error coram nobis in criminal cases is governed by the same rules and procedure applicable in civil cases, with some exceptions); 27-7-103 (providing that a writ of error coram nobis is to be sought "*by petition* presented to the judge" within one year after the judgment becomes final) (emphasis added).

The Petitioner's motion to late-file the notice of appeal with this court failed to explain that the "Motion to Reconsider" sought coram nobis relief on an entirely new claim. Although the Petitioner's counsel listed other reasons for the delay in filing, such reasons did not arise until after the post-conviction court denied the "Motion to Reconsider" and after the filing date for the notice of appeal had already expired.

Accordingly, we hold that permission to late-file the notice of appeal was improvidently granted. Therefore, the Petitioner's notice of appeal was untimely filed, and we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE