IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 6, 2018

**BRADLEY COX v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Henderson County**
**No. 17-065-1 Roy B. Morgan, Jr., Judge**

_____

**No. W2017-00530-CCA-R3-PC**

_____

The petitioner, Bradley Cox, appeals the dismissal of his petition for post-conviction relief, asserting the post-conviction court erred when summarily dismissing his petition as untimely because trial counsel's misconduct tolled the statute of limitations. Discerning no error, we affirm the post-conviction court's dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Criminal Court of Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Bradley Cox, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin Ball, Assistant Attorney General; Jody Pickens, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

A Henderson County jury found the petitioner guilty of one count of aggravated sexual battery and two counts of rape of a child, for which the trial court imposed an effective sentence of thirty-seven years to be served at 100%. *State v. Bradley Cox*, No. W2010-00800-CCA-R3-CD, 2015 WL 3796463, at *1 (Tenn. Crim. App. June 17, 2014) *perm. app. denied* (Tenn. Nov. 24, 2015). The petitioner filed a timely direct appeal challenging the sufficiency of the evidence to sustain his convictions and requesting a new trial due to the State's failure to timely disclose certain exculpatory evidence. *Id*. This Court affirmed the judgments of the trial court, so the petitioner filed an application

for permission to appeal to the Tennessee Supreme Court. *Id*. Our Supreme Court denied this application on November 24, 2015. *Id*.

The petitioner filed a pro se petition for post-conviction relief on February 8, 2017, over one-year after the Tennessee Supreme Court's denial of his application for permission to appeal. In his petition, the petitioner asserted ineffective assistance of counsel due to these deficiencies: failure to request recusal of the general sessions judge; failure to request a venue change; failure to present evidence of a conflict of interest between an expert witness and the petitioner's wife; failure to make a for-cause challenge during voir dire to the potential juror who ultimately became the foreperson; failure to acquire all evidence within the State's possession; failure to request a trial continuance to review certain late-disclosed evidence; failure to seek the admission of the video-recorded police interview of the petitioner; failure to follow appellate procedures; and failure to communicate with the petitioner throughout the direct appeal. Nowhere within this petition did the petitioner address his reason for waiting over fourteen months after the denial of his application for permission to appeal to seek post-conviction relief.

The post-conviction court dismissed the petition without a hearing on February 21, 2017.[1] In its order dismissing the petitioner's request for post-conviction relief, the post-conviction court found that Tennessee Code Annotated section 40-30-102 gives the petitioner one year from the date the judgment of conviction becomes final to seek post-conviction relief, and the petitioner filed his petition on February 8, 2017, over one year after the Tennessee Supreme Court denied his application for permission to appeal. Moreover, the petitioner did not claim any statutory exceptions for filing his petition outside the statute of limitations.

On March 2, 2017, the petitioner filed a motion to reconsider his petition for post-conviction relief, arguing he was entitled to due process tolling of the limitations period because, due to trial counsel's lack of communication, he was uncertain as to the state of representation following his direct appeal. The post-conviction court denied this motion to reconsider on March 6, 2017, again finding the petitioner filed an untimely petition for post-conviction relief, and the petition did not contain any qualifying allegations under Tennessee Code Annotated section 40-30-102 to toll the statute of limitations. The post-conviction court further found the petitioner was not entitled to any relief under his motion to reconsider. We pause in the recitation of the procedural history to reiterate that

---

[1] Our review of the record reveals the post-conviction court signed the order in February 13, 2017, but it was not stamped "filed" by the clerk's office until February 21, 2017. Further, counsel for the State mailed the petitioner a copy of the order denying his petition for post-conviction relief on February 10, 2017. Pursuant to statements made by the petitioner in his notice of appeal, he received this order February 13, 2017.

a motion to reconsider is simply not authorized by the Tennessee Rules of Criminal Procedure. *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003); *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992); *State v. Ryan,* 756 S.W.2d 284, 285 n.2 (Tenn. Crim. App. 1988). Accordingly, any claim to due process tolling of the statute of limitations should have been included in the initial petition. Tenn. Sup. Ct. R. 28 § 5(E)-(F).

On March 10, 2017, the petitioner filed a notice of appeal, designating the order denying his petition for post-conviction relief, received by the petitioner on February 13, 2017 and filed by the post-conviction court on February 21, 2017, as the order being appealed. The notice of appeal did not reference the order denying the petitioner's motion to reconsider. Moreover, Tennessee Rule of Appellate Procedure 3(b) does not provide for an appeal as of right from the denial of a motion to reconsider relief. *See John Ivory v. State*, No. W2015-00636-CCA-R3-PC, 2015 WL 6873474, at *2 (Tenn. Crim. App. Nov. 9, 2015).

A petitioner seeking post-conviction relief has one year from "the date of the final action of the highest state appellate court to which an appeal is taken" to seek relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* The untimely filing of a post-conviction petition extinguishes the petitioner's claims unless he can establish that due process required the tolling of the statute of limitations. *Id.* The Tennessee Supreme Court has addressed the circumstances under which due process requires the statute of limitations for seeking post-conviction relief to be tolled, and those circumstances are limited to claims for relief arising after the expiration of the statute of limitations, situations where a prisoner's mental incompetence prevents timely filing of a petition, and situations where attorney misconduct prevents the timely filing of a petition. *Whitehead v. State*, 402 S.W.3d 615, 623 (Tenn. 2013).

The petitioner admits his petition for post-conviction relief filed February 8, 2017, was filed outside of the one-year statute of limitations. The petition did not include any factual allegations requiring due process to toll of this statute of limitations. Accordingly, the post-conviction court properly dismissed the petition as untimely. The petitioner is not entitled to the relief sought herein.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the post-conviction court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the post-conviction court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the

post-conviction court, therefore, is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____

J. ROSS DYER