IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 24, 2020

**ABRAHAM A. AUGUSTIN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for McMinn County**
**No. 05-553      Andrew M. Freiberg, Judge**

———————————————————

**No. E2019-01739-CCA-R3-PC**

———————————————————

The Petitioner, Abraham A. Augustin appeals the post-conviction court's summary dismissal of his pro se petition for post-conviction relief. The Petitioner maintains that the statute of limitations should be tolled based on newly discovered evidence. After a review of the record and applicable law, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Abraham Augustin, pro se, Coleman, Florida.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; and Stephen D. Crump, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL BACKGROUND**

In September of 2006, the Petitioner pleaded guilty to three counts of accessory after the fact of attempted first degree murder. The trial court imposed concurrent sentences of two years for each count. The judgments were entered on September 14, 2006.

On March 1, 2019, the Petitioner filed a petition for post-conviction relief, arguing

that his pleas were not knowingly and voluntarily entered because of trial counsel's ineffectiveness. The Petitioner asserted that trial counsel "failed to research the law to know the elements of First Degree Murder, Attempted First Degree Murder, and any Accessory offenses charged in connection with an Attempted First Degree Murder offense." The Petitioner argued that because the principal, Mr. Marcus Bradford, was not convicted of attempted first degree murder, the Petitioner was actually innocent of the offenses for which he was convicted and, therefore, did not enter a knowing and voluntary plea. The Petitioner also asserted that trial court failed to inform him that he would be deported as a result of his convictions.

On March 7, 2019, the post-conviction court entered an order summarily dismissing the petition as untimely. The post-conviction court noted that the Petitioner was sentenced on September 14, 2006, that the judgments became final on October 14, 2006, that the Petitioner was statutorily required to file a petition for post-conviction relief on or before October 14, 2007, and that the petition was not filed until March 1, 2019. Further, the post-conviction court found that the Petitioner failed to assert a basis upon which to toll the one-year statute of limitations.

The Petitioner filed a motion to reconsider the dismissal of his petition on July 22, 2019. In that motion, the Petitioner asserted that because he was actually innocent of the convicted offenses, he is entitled to tolling of the statute of limitations. The post-conviction court entered an order finding that the Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider. Accordingly, the post-conviction court found that its previous order remained in effect, unaltered and undisturbed. On September 26, 2019, the Petitioner filed a motion requesting that this court accept his late notice of appeal, and this court granted his motion.

## ANALYSIS

The Petitioner maintains that he is entitled to tolling of the one-year statute of limitations based on the verdict in Mr. Bradford's trial, which he asserts constitutes newly discovered evidence. He contends that because Mr. Bradford was not convicted of attempted first degree murder, the Petitioner could not have been convicted of accessory after the fact and, therefore, did not enter a knowing and voluntary plea. The State asserts that the post-conviction court did not err because the petition was untimely and does not satisfy a statutory exception or tolling for due process considerations. We agree with the State.

This court reviews a post-conviction court's summary dismissal of a post-conviction petition de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is available to petitioners for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition

- 2 -

for post-conviction relief is required to be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a). As a general rule, a trial court's judgment becomes final thirty days after its entry "unless a timely notice of appeal or specified post-trial motion is filed." *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001).

The judgments were entered on September 14, 2006, and became final thirty days later. *See* Tenn. R. App. P. 4(a). The Petitioner had until October 14, 2007, to file a petition for post-conviction relief. However, he did not file his petition for post-conviction relief until March 1, 2019, over twelve years after his judgments became final and over eleven years after the expiration of the one-year statute of limitations.

There are three statutory exceptions to the statute of limitations for filing a petition for post-conviction relief. T.C.A. § 40-30-102(b). In order to meet the exceptions, a petitioner must base a claim on a new rule of constitutional law that requires retrospective application, new scientific evidence that establishes actual innocence, or asserts that he is entitled to relief from sentences that were enhanced because of a previous conviction that has subsequently been found to be illegal. T.C.A. §40-30-102(b). Additionally, due process may necessitate the tolling of the statute of limitations. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). "Issues regarding whether due process require[s] the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). A petitioner is "entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). In *Whitehead*, our supreme court identified three circumstances that allow for equitable tolling: 1) when the claim for relief arises after the statute of limitations has expired; 2) when a petitioner's mental incapacities prevent the petitioner from filing prior to the expiration of the statute of limitations; and 3) when attorney misconduct necessitates the tolling of the statute of limitations. *Whitehead*, 402, S.W.3d at 620-21.

The State maintains that the Petitioner waived his claim of tolling based upon newly discovered evidence by failing to include the claim in his post-conviction petition. In the Petitioner's reply brief, he claims that he raised an equitable tolling argument in his motion to reconsider, which he filed fourteen days after the post-conviction court dismissed his petition. In the reply brief, the Petitioner notes that "circuit court's clerk of court never docketed the receipt of this document." The post-conviction court entered its order summarily dismissing the petition on March 7, 2019. On July 22, 2019, the Petitioner filed a motion to reconsider, in which he argued that he was entitled to equitable tolling of the statute of limitations "because he is actually innocent of the

offenses of conviction." On August 7, 2019, the post-conviction court entered an order finding that it would not reconsider the petition because "[t]he Tennessee [R]ules of Criminal Procedure do not recognize a motion to reconsider." *See State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003)*; see also Calvin Douglas v. State*, No. W2017-00762-CCA-R3-PC, 2018 WL 1151949, at \*2 (Tenn. Crim. App. Mar. 2, 2018) ("We note that filing a motion to reconsider after the denial of a post-conviction petition is not proper procedure."). The post-conviction was correct in its finding that it did not have to consider the Petitioner's motion to reconsider. Because that motion was the first time that the Petitioner raised the tolling argument, that argument is waived. Regardless of the waiver, the Petitioner has failed to establish a basis for tolling. The Petitioner provides no details regarding the verdict in Mr. Bradford's trial or when the verdict was rendered. We conclude that such a claim does not justify the filing of a post-conviction petition more than eleven years after the expiration of the statute of limitations. Accordingly, the post-conviction court did not err in summarily dismissing the petition as untimely.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE