IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2016

**STATE OF TENNESSEE v. BILLY RAMER**

**Appeal from the Circuit Court for McNairy County**
**No. 3350     J. Weber McCraw, Judge**

_____

**No. W2015-01692-CCA-R3-CD  -  Filed April 12, 2016**

_____

The defendant, Billy Ramer, pled guilty to one count of sexual battery for crimes committed against his granddaughter. The trial court denied judicial diversion, and the defendant appeals. We conclude that the defendant's appeal was not timely filed and that the interest of justice, having been served by the denial of diversion, does not demand that we waive the time for filing a notice of appeal. Accordingly, the appeal is dismissed. We remand the case for correction of the judgment form.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed, Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Bryan Jaxon Petty, Selmer, Tennessee, for the Appellant, Billy Ramer.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Mike Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The defendant was charged with sexual battery by an authority figure, a Class C felony, when his granddaughter revealed that he had touched her genital area. At the plea hearing, the defendant acknowledged that he had touched his minor granddaughter's

genital area,[1] and he pled guilty to the lesser-included offense of sexual battery, a Class E felony, in exchange for a two-year sentence, to be suspended to probation after two days, which the defendant had already served.

The defendant sought judicial diversion for the crime of touching his minor granddaughter's genital area. The State did not contest that the defendant was eligible for diversion. The victim's father, who had intended to testify and ask the court to order time in confinement, did not testify at the plea hearing, and the State relied on a victim impact statement which the trial court referenced but which is not a part of the record on appeal. The trial court found that the victim had been physically and emotionally damaged by the defendant's crimes and that she had been forced to seek counseling, which was paid for by the State. The defendant's attorney, who was apparently a personal friend of the defendant, did not testify under oath but argued that the defendant was "trustworthy" and "kind." The defendant's attorney also attempted to make allegations against the minor victim, but the trial court interrupted the argument, finding that any pre-existing crimes against the victim increased her vulnerability and that, having admitted to the factual basis of the crime, the defendant's argument served only to "beat up the victim."

The trial court found that the defendant was eligible for diversion. In considering whether to grant diversion, the court reviewed the factors in *State v. Electroplating, Inc.,* 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). The court found that there was nothing to indicate that the defendant, who had no prior criminal history, was not amenable to correction. However, it found that the circumstances of the offense were "dire" and weighed against diversion. In so finding, the trial court noted that the defendant's version of events in the pre-sentencing report did not address the State's allegations and that the familial relationship was an aggravating circumstance. The trial court found that the defendant had no criminal record, that his social history was neutral, and that he had no mental health issues and some physical health issues. The trial court, taking judicial notice of numerous recent sexual offenses in the county, concluded that deterrence was necessary. It further concluded that while diversion would be in the interest of the defendant, the interest of the public would not be served by diversion. In making this conclusion, the trial court noted in particular the damage done to the victim, the defendant's relationship to her, the necessity for deterrence, and the fact that the public bore the expense of treatment for the victim. The trial court particularly stated that it saw a "great need" for deterrence, noted that the defendant pled guilty to a lesser offense but that the record established he was the child's grandfather, and emphasized the effect of

---

[1] While not a part of the record on appeal, the defendant quotes repeatedly from a transcript of "the plea phase of this cause," in which the State summarized further facts, including that the victim was fourteen years old at the time of the crime and that she told authorities that the inappropriate touching had happened repeatedly.

the crime on the victim. The trial court denied diversion on June 11, 2015, and the defendant was sentenced to serve two years, to be suspended to probation for all but two days.

The defendant did not appeal the denial of diversion but instead, on June 25, 2015, filed a "Motion to Modify Sentence," in which he asked the trial court to reconsider diversion. On the same day, he filed a "Motion for Reconsideration," which also asked for diversion and included an analysis of the factors relevant to diversion. The defendant attached two letters, written by David and Jesse Petty, expressing support for the defendant. The trial court denied the motions orally on August 24, 2015, and the defendant filed a notice of appeal on September 3, 2015.

## ANALYSIS

The State argues that the defendant's appeal is not timely filed and should be dismissed. Generally, a judgment becomes final thirty days after its entry unless a notice of appeal or specified post-judgment motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a)-(c). When the judgment has become final, the trial court generally loses jurisdiction to amend it. *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991).

A notice of appeal must be filed within thirty days of the entry of the judgment which is being appealed. Tenn. R. App. P. 4(a). Tennessee Rule of Appellate Procedure 4 lists the motions which may defer the deadline for filing a notice of appeal and extend the trial court's jurisdiction. In criminal actions, a motion under Rule 29(c) for a judgment of acquittal, a motion under Rule 32(a) for a suspended sentence, a motion under Rule 32(f) for withdrawal of a plea of guilty, a motion under Rule 33(a) for a new trial, and a motion under Rule 34 for arrest of judgment operate to extend the time for filing a notice of appeal. Tenn. R. App. P. 4(c). The notice of appeal must be filed within thirty days of an order denying one of the motions listed above. *Id.*

This court once again cautions litigants: a motion to reconsider is simply not authorized by the Tennessee Rules of Criminal Procedure. *State v. Turco,* 108 S.W.3d 244, 245 n.2 (Tenn. 2003); *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992); *State v. Ryan*, 756 S.W.2d 284, 285 n.2 (Tenn. Crim. App. 1988). Accordingly, the filing of such a motion does not function to toll the time for filing a notice of appeal. *Lock,* 839 S.W.2d at 440. A hearing conducted after the judgment has become final lies outside the jurisdiction of the court. *See id*. at 440. The State notes that, even if we interpret the motion as one for reduction of sentence under Tennessee Rule of Criminal Procedure 35, such a motion also does not toll the time for filing an appeal. We observe that Tennessee

3

Rule of Criminal Procedure 35 cannot be used to seek judicial diversion after a judgment of conviction has been entered. *Turco*, 108 S.W.3d at 248.

We conclude that the defendant's motions did not operate to delay the deadline for the filing of the notice of appeal, and that his notice of appeal is consequently untimely.

This court may waive a timely notice of appeal in the interest of justice. Tenn. R. App. P. 4(a). Waiver of the notice requirement is not automatic, and this court bears in mind that reflexively granting waiver would render the timely notice requirement a "legal fiction." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* (quoting *State v. Markettus L. Broyld,* No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

The defendant does not ask this court to waive the timely notice of appeal. The record contains no explanation of the decision to file the motions with the trial court rather than to appeal the decision. Moreover, a review of the issue presented on appeal leads us to conclude that the defendant would not, in any event, be entitled to relief.

## CONCLUSION

The defendant's notice of appeal was not timely, and we dismiss the appeal and remand for correction of the judgment documents.

_____
JOHN EVERETT WILLIAMS, JUDGE

4