IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2026

**STATE OF TENNESSEE v. ROBERT D. ROLLINGS**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2380    Cynthia Chappell, Judge**
_____

**No. M2025-00427-CCA-R3-CD**
_____

Defendant, Robert D. Rollings, pled guilty to second degree murder in 2012 in exchange for an effective thirty-year sentence. The trial court accepted the plea agreement and entered a judgment form reflecting the agreement. Nearly thirteen years later, in 2025, Defendant filed a pro se motion to withdraw his guilty plea, asserting that he was falsely imprisoned based on a judgment form that was not file-stamped by the trial court clerk. The trial court denied the motion. On appeal, Defendant argues that the trial court erred in denying his motion, insisting that the lack of a file-stamp on his judgment form rendered his conviction not final and illegal. Because we find that Defendant has failed to file a timely notice of appeal and that the interest of justice does not support waiver, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Robert D. Rollings, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by a Davidson County Grand Jury for one count of first degree premeditated murder. Defendant pled guilty to second degree murder in exchange for an effective thirty-year sentence. After a hearing, the trial court accepted the plea agreement and a judgment form reflecting Defendant's agreed-upon sentence was entered.

In a field labeled "Date of Entry of Judgment," the judgment form reflected the date of June 11, 2012. However, the judgment form lacked the trial court clerk's file-stamp indicating when it was filed with the clerk.

On January 7, 2025, Defendant filed a pro se motion to withdraw his guilty plea, arguing that the judgment entered by the trial court reflecting the plea agreement was "not [a] final judgment[] and, thus, ineffective [and] unenforceable[.]" Specifically, Defendant alleged that the judgment form was not file-stamped by the trial court's clerk, rendering his conviction non-final and making the "judgment[] insufficient to enforce the government's 'plea agreement' contract[.]"

On January 29, 2025, the trial court entered an order denying Defendant's motion to withdraw his guilty plea. The trial court noted that the judgment form reflecting Defendant's conviction for second degree murder did "not bear a file[-]stamp" of the clerk. However, the trial court found that Defendant's conviction was neither void nor illegal because "the lack of a file[-]stamped date on a judgment form" is a mere clerical error that "does not require the setting aside of a judgment." The trial court further found that Defendant "d[id] not assert any facts or circumstances that amount[ed] to manifest injustice [and that] there [was no] indication that the lack of a file[-]stamp on his judgment form [] subjected him to a due process violation or denial."

On February 26, 2025, Defendant filed a subsequent pro se motion, wherein he requested the trial court to "rescind its previous order" denying his motion to withdraw his guilty plea. In his motion, Defendant argued that the trial court erred by finding that the lack of a file-stamp was a clerical error. Instead, Defendant maintained that the judgment was not final because it lacked the clerk's file-stamp and therefore, his plea agreement should be withdrawn. The trial court construed Defendant's motion as a motion to reconsider Defendant's previous motion to withdraw his guilty plea and denied the motion, finding that Defendant "d[id] not assert any new arguments as the basis of relief than those raised previously" and "reiterat[ing] that the lack of a file[-]stamp amounts to a clerical error . . . not affect[ing] the finality of the judgment or requir[ing] the judgment to be set aside."

On March 21, 2025, Defendant filed a notice of appeal.

*Analysis*

Defendant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, Defendant avers that the lack of a file-stamp on his judgment form renders his conviction illegal and makes his plea agreement unenforceable. The State argues that the trial court did not abuse its discretion in denying Defendant's

motion. After review, we determine that Defendant's notice of appeal was untimely filed and that the interest of justice does not support waiver. Therefore, Defendant's appeal is dismissed.

Generally, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). However, an untimely filing of a notice of appeal in all criminal cases may nevertheless "be waived in the interest of justice." *Id.* Furthermore, the timely filing of a motion to withdraw a guilty plea stays the judgment until the trial court has ruled on the motion. *State v. Peele*, 58 S.W.3d 701, 706 (Tenn. 2001). An untimely motion, on the other hand, is "a nullity [that does] not toll or defer the thirty-day period of filing the notice of appeal[.]" *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Neither does a trial court's erroneous consideration of a motion filed outside of its jurisdiction validate the motion for purposes of tolling the filing period for an appeal. *See State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (citing *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989)) (considering a motion for a new trial). Finally, a motion to reconsider does not toll the filing period for a notice of appeal. *State v. Holloway*, No. W2023-00787-CCA-R3-CD, 2024 WL 2698895, at *3 (Tenn. Crim. App. May 24, 2024) (citing *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003); *State v. Boyd*, No. M2019-00301-CCA-R3-CD, 2019 WL 5623357, at *2 (Tenn. Crim. App. Oct. 31, 2019), *no perm. app. filed*; *State v. Huffstutter*, No. M2015-00950-CCA-R3-CD, 2016 WL 806143, at *3 (Tenn. Crim. App. Mar. 2, 2016), *perm. app. denied* (Tenn. June 29, 2016)), *perm. app. denied* (Tenn. Sept. 12, 2024).

The trial court entered its order denying Defendant's motion to withdraw his guilty plea on January 29, 2025. Despite the filing of Defendant's motion to reconsider, the filing period for Defendant's notice of appeal was not tolled, *see Holloway*, 2024 WL 2698895, at *3, and he had until February 28, 2025, to file his notice of appeal, *see State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003), as amended on denial of reh'g (June 10, 2003). He filed his notice of appeal on March 21, 2025, rendering the notice twenty-one days late. We also find that the interest of justice does not support waiver because Defendant provided no reason for the untimeliness of the filing. Defendant's appeal is dismissed.

## CONCLUSION

Based on the foregoing, the appeal is dismissed.

S/Timothy L. Easter
_____
TIMOTHY L. EASTER, JUDGE

- 3 -